LYONS, Justice.
John Michael Hesse was convicted on November 14, 1995, of driving while under the influence of alcohol (“D.U.I.”), a violation of § 32-5A-191(h), Aa.Code 1975. Hesse’s conviction was treated as a felony conviction, and for that conviction the trial court sentenced him to 10 years’ imprisonment. Pursuant to the provisions of § 15-18-8, Ala.Code 1975, commonly called the “Split Sentence Act,” the court ordered Hesse to serve one year and two days of confinement and three years of probation.
While serving the probation segment of his split sentence, Hesse was charged with violating his probation, on two counts: 1) driving while under the influence of alcohol,’ on November 23, 1998, and 2) -failure to pay court-ordered moneys. After hearing the evidence on April 29, 1999, the trial court revoked Hesse’s probation and ordered him to serve the balance óf his 10- *1086 year sentence in prison. Hesse appealed to the Court of Criminal Appeals, arguing: 1) that the evidence presented at the probation-revocation hearing was insufficient to establish that he committed a new D.U.I. offense and 2) that the trial court had exceeded its authority by ordering that he be prohibited from earning correctional incentive “good time” while serving the balance of his sentence. On October 22, 1999, the Court of Criminal Appeals, with an unpublished memorandum, affirmed the trial court’s order revoking Hesse’s probation and imprisoning him for the remainder of his sentence. Hesse v. State (No. CR-98-1655), — So.2d - (Ala.Crim.App.1999) (table). Hesse requested certiorari review only as to that issue concerning “good time.” We granted Hesse’s petition for Certiorari review to determine whether the trial court’s sentencing order prohibits Hesse’s eligibility for “incentive good time” during his subsequent incarceration. We reverse the judgment of the Court of Criminal Appeals, insofar as it affirms the trial court’s sentencing order, and remand the cause.
The trial court’s sentencing order reads, in pertinent part:
“It is therefore ordered that the Defendant’s probation is revoked and he is committed to the custody of the Commissioner of the Alabama Department of Corrections to serve the balance of his ten (10) year sentence. The Defendant shall receive credit for any time served in jail to which he is entitled. The original sentence in this cause was imposed pursuant to the Alabama Split Sentence Act; therefore, the Defendant shall not receive any good time or correctional incentive time of any kind against this sentence.”
(Emphasis added.) Hesse argues that the language of the order could be construed to prohibit him from being eligible for good-time incentive credit during the remainder of his sentence. The Court of Criminal Appeals interpreted the language of the order prohibiting incentive time as applying only to the time Hesse had already served and not to any unserved balance of his sentence. We find the trial court’s language ambiguous, and we conclude that it could be interpreted either as the Court of Criminal Appeals reads it or as Hesse reads it.
Defendants sentenced under the Split Sentence Act are not eligible for good-time incentive credit during their minimum period of confinement:
“No defendant serving a minimum period of confinement ordered under the provisions of subsection (a) shall be entitled to deductions from his sentence under the Alabama Correctional Incentive Time Act, during the minimum period of confinement so ordered; provided, however, that this subsection shall not be construed to prohibit application of the Alabama Correctional Incentive Time Act to any period of confinement which may be required after the defendant has served such minimum period.”
§ 15 — 18—8(g), Ala.Code 1975 (as that subsection read before it was amended effective May 25, 2000).
By the clear language of the statute, Hesse was not entitled to receive any good-time incentive credits for his initial period of mandatory confinement. See, e.g., Ferris v. State, 648 So.2d 657 (Ala.Crim.App.1994). This period of confinement is often called “day-for-day” time or “flat time” to reflect the lack of incentives available to prisoners. See § 14 — 9—41(c)(4), Ala.Code 1975. The Split Sentence Act also explicitly states that a defendant is not prohibited from participating in the good-time incentive-credit program during any subsequent time served under a split sentence. Although Hesse is not entitled to any ret *1087 roactive application of good-time incentive credit for the period of his initial minimum confinement or for the time he spent on probation, see § 15-18-8(g) and § 14 — 9—41(d), he is not prohibited from eligibility during the remainder of his sentence. Those prisoners whose convictions specifically exclude them from participation in the incentive-credit program are specified in § 14-9-41(e). The record available to this Court does not support a finding that Hesse should be included in this ineligible group.
Because the trial court’s sentencing order could reasonably be construed to prohibit Hesse from being eligible for the good-time incentive program during his service of the balance of his sentence, we reverse the judgment of the Court of Criminal Appeals affirming the trial court’s sentencing order. We remand this cause for the Court of Criminal Appeals to direct the trial court to clarify the sentencing order so that it is consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
HOOPER, C.J., and MADDOX, HOUSTON, SEE, BROWN, JOHNSTONE, and ENGLAND, JJ., concur.